IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|                              |   |                          |
|------------------------------|---|--------------------------|
| TYRONE LEE,                  | ) |                          |
|     Plaintiff,               | ) |                          |
|     v.                       | ) | CIVIL NO. 3:10cv367-DWD  |
| WAL-MART STORES, INC.,       | ) |                          |
|     Defendant.               | ) |                          |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c) on Defendant's motion for summary judgment (Docket No. 20). The matter has been fully briefed by both parties and the Court has entertained oral argument on the motion. For the reasons discussed herein, the Court hereby GRANTS Defendant's motion for summary judgment.

### I. BACKGROUND

Tyrone Lee ("Lee" or "Plaintiff") initially filed this lawsuit in the Circuit Court for the City of Petersburg, Virginia, for personal injuries sustained at a retail store owned by the Defendant, Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant"). The Defendant properly removed the case to this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Since removal, unnecessary delay has plagued the case due to a series of discovery disputes and Plaintiff's counsel's withdrawal from the case less than one month before the now-suspended trial date.

First, the Plaintiff repeatedly failed to fully respond to Defendant's discovery requests between June and December, 2010.[1] Ultimately, the Defendant filed a motion to compel discovery on November 9, 2010, which this Court granted after Plaintiff failed to respond to the motion. According to this Court's Order compelling discovery, Plaintiff was required to fully answer all outstanding discovery requests on or before December 1, 2010. That date passed without Plaintiff providing the requisite responses.

Subsequently, in early December 2010, the Plaintiff terminated the services of his attorney, who then filed a motion seeking to withdraw as counsel (Docket No. 18). Before the Court could resolve that motion, the Defendant filed motions for summary judgment (Docket No. 20), and to exclude expert testimony (Docket No. 22).[2] At a hearing on the motion to withdraw, the Plaintiff stated his intention to retain substitute counsel, and the Court granted him an extension of time to afford him the opportunity to do so. The Court also suspended the trial date and all other activity in the case pending resolution of the motion for summary judgment. If Plaintiff could not retain substitute counsel, the Court ordered that Plaintiff could proceed *pro se*. Over the Plaintiff's objections, the Court also refused to re-open discovery, given the lack of excusable neglect and failure to comply with this Court's prior Order compelling discovery. The

---

[1] See Order dated January 7, 2011 (Docket No. 26) for a more thorough description of the discovery dispute which the Court addresses as it is relevant to a pattern of conduct consistent with the Court's conclusion that the Plaintiff has provided a so-called "sham" representation in opposition to the pending defense motion seeking dispositive relief (as discussed, *infra*, Part IV(B)).

[2] Because the Court grants the motion for summary judgment, the motion to exclude expert testimony, as well as all other pending motions, are denied as moot.

Plaintiff has elected to proceed *pro se*.[3]

Although discovery closed on December 21, 2010, Plaintiff has now filed a "motion to produce documents and tangible things." The Court summarily denies that motion because discovery is, and shall remain, closed pursuant to this Court's January 7, 2011 Order. Even construing this motion as a request to reopen discovery, the Court would deny it due to the prejudice already suffered by Defendant as a result of the Plaintiff's own neglect in responding to earlier discovery requests. Moreover, Plaintiff has demonstrated bad faith due to his disregard of this Court's prior discovery Order. Thus, the Court will not exercise its discretion to permit Plaintiff to engage in further discovery. Mallas v. United States, Case No. 94-2138, 1995 U.S. App. LEXIS 10766, at *5 (4th Cir. May 15, 1995) (citing Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987)). See also Herbert v. Lando, 441 U.S. 153, 177 (1979) ("judges should not hesitate to exercise appropriate control over discovery process").

## II. STATEMENT OF FACTS

The Court has reviewed the parties' respective positions as to the undisputed material facts in this case, including all supporting documentation and the complete transcript of Lee's deposition. As required, the Court resolves all genuine disputes of material fact in favor of the non-moving party and disregards those factual assertions that are immaterial. Anderson v.

---

[3]Plaintiff filed a document entitled "Motion to Dismiss Defendant's Motion for Summary Judgment." (Docket No. 28). This document is drafted in the nature of a brief in opposition to a motion for summary judgment, and the Court will liberally construe it as such. See Haines v. Kerner, 404 U.S. 520 (1972) (holding *pro se* litigants to more deferential pleading standard than those represented by counsel); see also Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citations omitted) ("pro se filings 'however unskillfully pleaded, must be liberally construed'").

3

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Applying this standard, the Court concludes that the following narrative represents the undisputed material facts for purposes of resolving the motion for summary judgment.

On May 15, 2007, Lee was shopping at a Wal-Mart store in Petersburg, Virginia when he suddenly slipped on a liquid substance on the floor, seriously injuring himself. (Compl. ¶¶ 1, 10; Dep. Of Tyrone Lee ("Lee Dep.") at 16:19-25.) He did not see the substance before he fell and has no knowledge of the color or size of the substance. (Lee Dep. at 17:17-19, 21:20-24, 21:10-12.) There were no signs present in the immediate area to warn shoppers of a "wet floor" or other hazardous condition, and Lee does not know how or when it came to be on the floor. (Id. at 18:14-15, 21:25-22:2.) No evidence establishes when a Wal-Mart employee last inspected the aisle. (Id. at 26:21-25.)

When Lee hit the floor, he fell with such a force that he was "momentarily knocked unconscious" for between one and two minutes. (Compl. ¶ 3; Lee Dep. at 34:11-12.) As such, he understandably has little recollection of what was discussed in his presence. (Lee Dep. at 34:25-35:2.) His last memory before he lost consciousness was of a woman screaming, presumably because she saw him slip and fall. (Id. at 34:13-24.) His first memory as he regained consciousness was of an unidentified nurse who voluntarily administered first aid to him. (Id. at 35:5-8.)

At some point after regaining consciousness, Lee heard a conversation between at least one Wal-Mart manager and another Wal-Mart employee, in which the manager said "he had a seizure and slipped in the water," and then instructed another employee, who was responsible for that particular aisle, to clean the remaining liquid from the floor. (Pl.'s Resp. to Interrogatories at

¶ 19; Lee Dep. at 18:6-9, 23:20-23:24, 24:18-25.) That employee then cleaned the remaining liquid from around Lee's body using paper towels. (Lee Dep. at 23:25-24:2, 48:6-15.) Lee recalls no other conversation among Wal-Mart employees in the immediate aftermath of the accident.[4] (Id. at 48:3-6.)

### III. STANDARD OF REVIEW

Summary judgment is appropriate where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue of material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 247-48. Thus, the court must view the record in the light most favorable to the nonmoving party, and must draw all reasonable inferences in its favor. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). However, "the mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Anderson, 477 U.S. at 252; see also Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008). Accordingly, to deny a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict." Thompson v. Everett, Inc. v. Nat'l Cable Adver., LP, 57 F.3d 1317, 1323 (4th Cir. 1995).

---

[4]Lee's more recent account of the conversation between Wal-Mart employees is not set forth in the Court's statement of undisputed material facts for reasons discussed in greater detail, *infra* at section IV(B).

5

IV. ANALYSIS

Wal-Mart argues that Lee has no evidence that it created the dangerous condition, or that it possessed either actual or constructive knowledge of any such condition, as required to establish liability on the part of Wal-Mart. Lee has responded, arguing that Wal-Mart did, indeed, possess actual notice of the condition as demonstrated by on a conversation that he recounts, for the very first time, in his brief opposing the motion. The dispositive issue, therefore, is whether Lee's new version of events creates a genuine issue of material fact such that summary judgment is improper. At best, Lee's new version of events constitutes a "sham" affidavit, and as such, the Court disregards it. There being no other evidence that Wal-Mart had the requisite notice of a hazardous condition, actual or constructive, Wal-Mart is entitled to summary judgment.

**A.     Applicable State Law**

A federal court siting in diversity must apply the choice of law rules of the state in which it is located. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). Because this Court "sits" in Virginia, which adheres to the traditional *lex loci* rule, the substantive law of Virginia governs the proceedings. Jones v. R.S. Jones & Assocs., 431 S.E.2d 33, 34 (Va. 1993).

It is well-settled in Virginia that "an owner or occupant of lands . . . who directly or by implication, invites or induces others to go thereon or therein, owes to such person a duty to have the premises in a reasonably safe condition." Webber v. Speed Channel, Inc., 472 F. Supp. 2d 752, 756 (E.D. Va. 2007) (quoting Acme Mkts. v. Remschel, 24 S.E.2d 430, 433 (Va. 1943)). Although this duty does not render the store owner an insurer of his invitees, it requires him to remove from the floor any potentially hazardous foreign objects that he has placed thereon, or

6

that the owner knew, or should have known, had been placed there by another. Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167, 169 (4th Cir. 1966); Colonial Stores, Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). Accordingly, in such cases, "the plaintiff must introduce evidence of the responsible person's *actual or constructive knowledge* of a defective condition on the premises to establish a prima facie case of negligence." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993) (emphasis added).

If a plaintiff has no evidence that the defendant possessed actual notice of the defective condition, he must establish constructive notice. This may be accomplished through evidence that "the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890. Hence, "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a prima facie case." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 454 (4th Cir. 2004) (emphasis added) (quoting Grim, 434 S.E.2d at 890).[5]

**B.      Evidence for Consideration**

No evidence exists to demonstrate who placed the hazardous substance on the floor of the Wal-Mart store or how the substance came to be on the floor. (Lee Dep. at 18:14-22.) Based on Wal-Mart's motion and supporting memoranda, and with special emphasis placed on Lee's

---

[5]At oral argument, Plaintiff, appearing *pro se*, argued that Defendant's reference to a "banana" in its brief was dispositive of the motion. As he argued, such a reference illustrates some distinction between those defects resulting from "substances" on the floor, which includes clear liquids, versus "foreign objects," which includes bananas. (See also Pl.'s Br. Opp'n Mot. Sum. J. ("Pl.'s Br.") at 3.) The Court can find no support for such a distinction among the cases applying Virginia law. Moreover, both at oral argument and in its Reply brief, Wal-Mart explained that the reference to "bananas" was nothing more than a typographical error. (Def.'s Reply Sup. Mot. Sum. J. at 5 n.2.)

response thereto, the dispositive issue concerns *when* Wal-Mart first learned that the substance was on the floor. (Compare Def.'s Br. Sup. Mot. Sum. J. ("Def.'s Br.") at 5-7 with Pl.'s Br. at 2.) Of particular importance is Lee's new account of a conversation between and among several Wal-Mart employees , which he allegedly heard immediately after he regained consciousness.

To resolve a motion for summary judgment, a court must consider "the record of filed depositions, answers to interrogatories, admissions, and affidavits." Campbell v. Hewitt, Coleman & Assocs., 21 F.3d 52, 55-56 (4th Cir. 1994). Accordingly, the Court has conducted a thorough review of all discovery materials in the record to determine whether there is any support for Lee's newly proffered version of events, including the unabridged transcript of Lee's deposition.[6] There is no such support. Indeed, there is absolutely no evidence in the record to establish that Wal-Mart learned of the substance on the floor prior to Lee's slip and fall; nor is there any evidence to establish how long the substance had been on the floor before the accident so as to possibly provide a basis for attributing constructive knowledge to Wal-Mart.

Lee attempts to establish such a record with the previously undisclosed dialogue, set forth in his opposition to the motion. That supposed dialogue includes a Wal-Mart manager's query, "Didn't I *tell* you to clean isle [*sic*] 8," and the employee's response, "I *was* going to get the mop." (Pl.'s Br. at 2 (emphasis added).) From the use of the past tense for such statements, the Court could draw a reasonable inference that Wal-Mart's manager knew about the hazardous condition before Lee's accident, if the Court were to accept the statements as having actually

---

[6]For the sake of brevity, Wal-Mart filed only excerpts of the deposition transcript in support of its motion for summary judgment. At the Court's request, however, the entire transcript was filed as part of the record in this case, and the Court has reviewed the transcript in its entirety in an effort to afford Lee the benefit of the doubt as a *pro se* party.

been made.

However, "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993). See also Jones v. Navix Line, Ltd., 944 F. Supp. 468 (E.D. Va. 1996) (unsworn, unauthenticated documents are unverified hearsay which cannot be used to defeat a motion for summary judgment). Because the newly described conversation appears only in Lee's brief, and is, therefore, not appropriately a part of the record for the Court's consideration, the Court may not consider it in resolving the motion for summary judgment.

Moreover, even if the dialogue set forth in Lee's opposition papers was included as part of a sworn affidavit filed in opposition to summary judgment, the Court would nevertheless disregard it as a prototypical "sham" affidavit. As the Fourth Circuit has explained the doctrine:

> 'If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.' A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.

Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 975 (4th Cir. 1990) (quoting Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984). See also Holloway v. City of Suffolk, 660 F. Supp. 2d 693, 696 (E.D. Va. 2009) ("The plaintiffs, however, may not create an issue of fact by submitting an affidavit that is inconsistent with their prior deposition testimony").

Here, the statement at issue was noticeably absent from the deposition testimony. Lee now seeks to use the statement to establish a dispute of fact concerning actual notice of the spill, even though the statement was never mentioned in his lengthy deposition. During the deposition,

counsel for Wal-Mart specifically asked if Lee had anything to add about the conversation that he heard between Wal-Mart employees. To this, Lee responded "no," and then explained that Wal-Mart's manager instructed an employee to clean the spill *after* his fall, not *before* as the new version suggests. (Compare Pl.'s Br. at 2 with Lee Dep. at 48:3-15.) In addition, Lee's new account references the use of a mop to clean the spill, but Lee specifically testified at deposition that no mop was used, and that the employee cleaned the remaining liquid using paper towels. (Id. at 48:21-25.) Lee's interrogatory answers also failed to identify the statement at issue, even though the interrogatory specifically asked for any such statements against interest. (Pl.'s Resp. to Interrogatories at ¶ 19.) The submission of this crucial evidence contradicting prior sworn deposition testimony, without which the case could not "survive" the motion for summary judgment, is exactly what the "sham" affidavit rule is designed to prevent.

Lee's persistent claim that any defect in his case results from his former attorney's neglect is also to no avail. (Pl.'s Br. at 2.) The attorney was not deposed, and could not have provided answers to the questions posed to his client at deposition. Indeed, an attorney exercising such influence on his client to shape the testimony so that a more desirable answer might be obtained would constitute improper "coaching" of a witness. As this Court has previously explained:

> Although counsel who is defending a deposition may prepare a witness, once the deposition begins, "[t]here is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate the answers."

Francisco v. Verizon South, Inc., ___ F. Supp. 2d ___, 2010 U.S. Dist. LEXIS 124960, at *5 (E.D. Va. November 24, 2010) (quoting Hall v. Clifton Precision, 150 F.R.D. 182, 185 n.4 (E.D. Pa. 2008)). Thus, former counsel could do nothing to change Lee's prior deposition testimony,

which cannot be reconciled with the dialogue that he now proffers.

**C.     Failure to Establish Notice**

Without the dialogue set forth in Lee's opposition brief, there is simply no evidence that Wal-Mart actually knew of the hazardous condition. Thus, Lee could establish his prima facie case only by producing evidence of constructive knowledge. To that end, there must be at least some evidence that the spill "was noticeable and had existed for a sufficient length of time to charge its possessor with notice." Grim, 434 S.E.2d at 890. Speculation on the issue is impermissible pursuant to established Virginia law, and the absence of evidence renders summary judgment appropriate. See Great Atl. & Pac. Tea Co. v. Berry, 128 S.E.2d 311, 313-14 (Va. 1962).

Here, Lee has admitted that he cannot describe the appearance of the spill as it existed on Wal-Mart's floor, and he has no knowledge of how long the liquid substance had been on the floor before he slipped and fell. (Lee Dep. at 17:17-19, 18:6-15, 21:10-15, 49:2-15.) Indeed, the balance of the record contain no other information concerning how long the spill had been on the floor before the fall. Lee cannot, therefore, even establish that Wal-Mart had constructive knowledge of the spill. Accordingly, Wal-Mart is entitled to summary judgment.

## V. CONCLUSION

For the reasons discussed herein, Defendant's motion for summary judgment (Docket No. 20) is hereby GRANTED. Accordingly, all further pending motions in this case shall be DENIED as moot and judgment shall be entered in favor of Defendant.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: March 1, 2011